UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**GERALDINE LEGE**                              **CASE NO. 2:21-CV-03390**

**VERSUS**                                      **JUDGE JAMES D. CAIN, JR.**

**WAL-MART LOUISIANA L L C ET AL**              **MAGISTRATE JUDGE LEBLANC**

### MEMORANDUM RULING

Before the Court is the "Motion for Summary Judgment of Defendant, Wal-Mart Louisiana LLC" (Doc. 30). Defendant, Wal-Mart, Louisiana, LLC ("Wal-Mart) moves to dismiss Plaintiff, Geraldine Lege's claims and requests summary judgment in its favor.

### FACTUAL STATEMENT.

On April 7, 2020, National Construction Rentals, Inc. ("NCR") delivered barricades to Wal-Mart Store 386 in Jennings, Louisiana.[1] To regulate the entry of customer traffic into and exiting the store in compliance with Covid-19 safety guidelines, Wal-Mart employees placed the barricades outside of the General Merchandise entrance of the store.[2]

For added visibility, the Wal-Mart employees placed red tape on the footings and hooks used to connect the barricades.[3] On June 27, 2020, Plaintiff and her husband were walking from the parking lot and around the barricade when she tripped over one of the footings of the metal barricade that was placed outside the store allegedly causing severe injuries.

---

[1] Exhibit 1 to Defendant's exhibit A Declaration of Devin LaValley.
[2] Defendant's exhibit A, Declaration of LaValley.
[3] Exhibit 2 to Defendant's exhibit A.

During their deposition testimonies both Mr. and Mrs. Lege testified that they saw the barricades and similar barricades at other stores.[4] Mr. Lege testified that as she was turning the corner of the barricade to go into the Wal-Mart store, she heard a car make a loud noise, and she turned her head to see.[5] She immediately tripped over the barricade footing and fell flat on her face.[6]

### SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the

---

[4] Defendant's exhibit B, Geraldine Lege deposition, p. 31:15-23; Defendant's exhibit C, Harold Lege deposition, p. 33:13-25.
[5] Defendant's exhibit B, Geraldine depo. pp. 18:13-25, p. 19:1-5; p. 20:16-22.
[6] Plaintiff's exhibit B, surveillance video.

evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## **LAW AND ANALYSIS**

To prove liability against Walmart as a merchant, plaintiff, who is alleging a trip and fall injury sustained on such merchant's premises, has the burden of proving those elements set forth in La. Revised Statute 9:2880.6. Section B thereof provides that:

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

A plaintiff must prove each of the above three elements. Failure to prove any element will defeat a plaintiff's claim. *White v. Walmart Stores, Inc.*, 699 So.2d 1081 (La. 9/9/97). Defendant maintains that Plaintiff will be unable to meet her burden of proof, because: (1) the condition of the barricade did not present an unreasonably dangerous condition under Louisiana case law and was open and obvious to all; (2) Walmart did not breach any duty of reasonable care, because the barricade was open and obvious to all and because Walmart exercised reasonable care in maintaining and inspecting the barricade in question and having adequate safety policies and procedures in place; and (3) Walmart did not have actual or constructive notice of any unreasonably safe condition prior to the occurrence of plaintiff's incident.

Defendant suggests that Plaintiff has no evidence to prove that the footing upon which she tripped was out of position prior to her fall, and she is unable to establish that Wal-Mart breached a duty of reasonable care because the barricade was open and obvious. Defendant remarks that Wal-Mart routinely inspected the barricade in question and had placed red tape on the footings in compliance with safety policies and procedures. Defendant argues that even assuming that Plaintiff's assertion that the footing was raised when she tripped, that in and of itself does not establish that the footing presented an unreasonable risk of injury, noting that the video shows that Plaintiff walked directly into it (the footing). Defendant suggests that there is no evidence to establish that Plaintiff tripped on the footing because it was raised. The Court has carefully viewed the video and observed that Plaintiff certainly tripped... it was dramatic

and suddenly. Plaintiff was walking right beside the barricade, exactly where the raised footing is depicted in the photograph presented by Plaintiff.

*Unreasonably dangerous*

In determining whether a condition is unreasonably dangerous, Louisiana courts are to apply the risk/utility balancing test, which considers the following factors: (1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of social utility or whether the activities were dangerous by nature. *Farrell v. Circle K Stores, Inc.*, 359 So.3d 467 (La. 3/17/2023).

If the application of the risk/utility balancing test results in a determination that the complained of hazard is not an unreasonably dangerous condition, a defendant is not liable because there was no duty breached. *Farrell,* 359 So.3d at 478. Further, summary judgment on the issue of an unreasonably dangerous condition is warranted where no reasonable person could find a breach of duty. Where a plaintiff fails to establish that he or she will be able to establish the breach element at trial, summary judgment in favor of the defendant is mandated. *Id*.

Whether a condition was open and obvious falls within the second factor of the risk/utility balancing test, which addresses the likelihood and magnitude of harm. *Farrell* 359 So.3d at 479-480. "For a hazard to be considered open and obvious, it must be one that is open and obvious to all who may encounter it. The open and obvious concept asks whether the complained of condition would be apparent to any reasonable person who

might encounter it. If so, that reasonable person would avoid it, and the factor will weigh in favor of finding the condition not unreasonably dangerous." *Farrell*, 359 So.3d at 478.

Defendant relies on *Keys v. Casino*, where a women tripped and fell on the leg of a barricade. 2019 WL 2162770 (E.D. La. 05/17/2019) (unpublished). The *Keys* court granted Defendant's motion for summary judgment finding that the barricade on which plaintiff tripped did not present an unreasonable risk of harm. *Id.* Here, Defendant argues that the barricade and red-marked footing were open and obvious to all. The Court agrees that the barricade was open and obvious, and perhaps even a red-marked footing. However, the Court is hesitant to conclude that the raised, red-marked footing was open and obvious to all.

To defeat summary judgment Plaintiff offers the sworn affidavit and expert report of Larry O. "Neal" Johnson, an architect and expert in premises liability.[7] Mr. Johnson inspected the premises, reviewed the surveillance video and photos of the parking lot and offending barricade. Plaintiff remarks that the footing jutted out into her path and did not lie flat with the walking surface. Mr. Johnson concludes that the raise footing was an unreasonably dangerous tripping hazard that could have been easily rectified had Defendant had proper training, protocols, and procedure in place.[8] Mr. Johnson places emphasis on the placement of the barricades, which are in close proximity to the parking lot, creating an unsafe condition for its customers.[9] Mr. Johnson opines that Defendant created an unreasonable risk of harm by (1) installing the barricades too close to the

---

[7] Plaintiff's exhibit A, Affidavit of Larry O. Johnson.
[8] *Id.* p. 12.
[9] *Id.* p. 15.

vehicular traffic in the parking lot, (2) improperly installing the barricade so as to create a tripping hazard, (3) failing to make the installation of the barricade safer for its patrons, and (4) failing to adequately warn its customers of the barricade's dangerous conditions.[10]

Plaintiff argues that the raised footing depicted in a photo of the barricade[11] provided no social utility and the danger it posed clearly outweighs its social utility. Plaintiff also directs the Court to the surveillance video at approximately 4:29 p.m. where Wal-Mart employees are attempting to adjust the barricade footing to make it flush with the ground surface.[12]

While the Court is cognizant of cases where a barricade is open and obvious, and not unreasonably dangerous, here, the expert opinion with corroborating photos and surveillance video show that the barricade footing was raised, or not flush with the ground. As such, the Court finds that Plaintiff has created a genuine issue of material fact for trial.

## CONCLUSION

For the reasons explained herein, the Motion for Summary Judgment of Defendant, Wal-Mart Louisiana LLC (Doc. 30) will be **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 9th day of September, 2024.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE

---

[10] *Id.*
[11] *Id.* p. 22.
[12] Defendant's exhibit B.